BACHRACH et al. v. LEVENTRITT.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—CONTRACTS FOR PREFERENCES—CONSTRUCTION—LEASE.

Plaintiffs, to have their claim against defendant's assignor, for past-due rent, made a preference in his general assignment, agreed that neither the assignor nor his assignee should be chargeable with any rent of the premises to accrue for July, August, and September. After the assignment, plaintiffs' said claim was paid in full. After providing for the preference above, the agreement, with respect to what should be done with the unexpired term of the lease, declared that the title to the lease should pass to the assignee, who might sublet the premises, upon condition that the new tenant should be acceptable to plaintiffs, and should procure, before August 1, 1897, a person to guaranty the payment of the rent for said months of July, August, and September, and that, "upon the failure of said tenant to procure such guaranty, * * * this agreement shall terminate and become void," the premises to be surrendered to plaintiffs, "and the rent for so much of said term as shall then have expired shall at once become payable"; also that, unless a tenant was procured by September 30th, premises were to be surrendered back to the landlords on that date. *Held*, that the latter declarations of the agreement do not make the assignee liable for the rent of the month of July, since his exemption from liability therefor was a condition precedent to granting the preference to plaintiffs' past-due claim, but contemplate payment therefor by the tenant to be found.

Appeal from special term, New York county.

Action by David Bachrach and another against George M. Leventritt, as assignee, etc. Judgment for defendant, and plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

W. G. Wilson, for appellants.
S. P. Goldman, for respondent.

PATTERSON, J. This appeal is from a judgment entered upon a dismissal of the complaint in an action for rent of certain premises in the city of New York, of which the plaintiffs were lessors, and one S. W. Richards the lessee. The term was to begin on the 1st day of September, 1893, and end on the 1st day of May, 1903, the rent to be paid in equal monthly payments, in advance, on the 1st day of each and every month during the term. On the 10th of June, 1897, Richards made an assignment for the benefit of creditors to the defendant. At that time there were arrearages of rent due. On the day preceding the assignment, terms of an agreement between the landlords, the lessee, and the intended assignee were agreed upon relating to the rent in arrear and to the unexpired term of the lease. That agreement was reduced to writing, and signed by the parties. It is dated the 9th of June. The action is brought against the assignee to recover rent of the premises for the month of July, 1897, upon the theory that, by the terms of the agreement referred to, the assignee has become bound to pay rent for that month, under the covenant of his assignor contained in the lease. The assignee went into possession, and it is conceded would be liable for the

rent, unless he is absolved from that liability by the terms of the
agreement of June 9th. The only question before the court relates
to the construction of the agreement, which is set out in full in the
record. Its recital shows that it was entered into between the
parties in anticipation of Richards making the assignment for the
benefit of creditors. It states that he owes the plaintiffs the sum
of $4,146.66 for arrears of rent of the premises, and that, being de-
sirous of securing that indebtedness to them, he agrees to make
them "the second preferred creditors in the said general assign-
ment, subject to a prior preference of not more than twenty-five
hundred dollars, for the sum of forty-one hundred forty-six and
$^{66}/_{100}$, upon the sole condition, however, that the said above-named
Mrs. Valentine Gumprecht and David Bachrach, their heirs, execu-
tors, successors, and assigns, shall not ask or demand, or be en-
titled to receive, any rent from the said Samuel W. Richards, or
from the assignee under the general assignment aforesaid, during
or for the months of July, August, and September, 1897." There then
follows an obscure, and rather blind, provision concerning an en-
tirely different subject, namely, what shall be done with the unex-
pired term of the lease, and respecting that the parties agreed that
the title to the lease should pass to the assignee under the general
assignment; and the lessors consented to the sale, assignment, and
subletting of the premises under the lease by the assignee, to whom-
soever he should deem suitable and proper; "provided, however, and
this agreement is made upon the express condition, that such new
tenant shall be acceptable to said landlords, and that this agreement
shall be of no effect unless and until the same shall have been exe-
cuted by said assignee, and unless the said tenant, on or before Au-
gust 1, 1897, shall procure some person, to be acceptable to the land-
lords, to guaranty in writing the payment of the rent of said prem-
ises for said months of July, August, and September, 1897, as the
same is reserved in said lease, and at the times therein specified;
and that, upon the failure of said tenant to procure such guarantor
as herein agreed, this agreement shall terminate and become void,
and these premises shall be forthwith surrendered to the landlords,
and the rent for so much of said term as shall then have expired shall
at once become payable. It is also agreed that, unless in the mean-
time a new lease shall have been executed between the said land-
lords and the tenant to be procured by said Richards as aforesaid,
the said premises shall be surrendered to said landlords on Septem-
ber 30, 1897." It is claimed by the plaintiffs that, by force of the
later stipulations of the agreement, the assignee has become liable
to pay the rent for the month of July; but it seems quite apparent
that the second branch of this agreement was intended to be en-
tirely independent of the first, and that is the practical construction
the parties themselves have given it. The preference of the indebt-
edness for past-due rent was made upon the express condition that
the assignee should not be chargeable with any rent to accrue for
the months of July, August, and September, and on the 29th of July,
1897; and, as the agreed statement of facts in the case shows, the
whole amount of that preference was paid to the landlords, and thus

that part of the agreement was executed, and the consideration for the assignee's exemption from liability paid.

Construction must be given to the whole agreement, so that all of its parts may become operative, and none of them be destroyed, if that is possible. There is no real irreconcilable repugnancy in its provisions. The assignee was to take the title to the lease, in order that it might be assigned by him to some tenant to be procured, apparently, according to the last sentence of the agreement, by Richards; the landlords' consent to a sale and assignment of the lease upon the express condition that the tenant to be found shall be acceptable to them and the assignee, and that such tenant, on or before August 1, 1897, shall procure a person to guaranty the rent of the premises for these very three months, showing that it was in the contemplation of the parties that the tenant to be found should be responsible for the rent accruing for those three months. The assignee evidently did not take the lease for the purpose of retaining the premises for his own use. He could have put a tenant in possession at any time, and that tenant was to pay the rent for the very month of July now sued for. That the assignee was not to pay it is evident from the first branch of the agreement. An acceptable tenant to both parties might go into possession at any time after the 10th of June, and have the whole month of July within which to procure the guaranty for rent, and, if he should not procure that guaranty, then the agreement by which he entered into possession would become void, and he (the tenant) become liable for so much of the rent of the term as should then have expired. Then, if a tenant was not procured by the 30th of September, the premises were to be surrendered back to the landlords.

The agreement with respect to the assignee taking the lease and the procurement of a tenant is one, in substance, separate and distinct from the first branch of the instrument, and the provision with respect to the agreement terminating and becoming void applies only to the second branch. Otherwise the whole instrument would have become nullified, and the plaintiffs would not have been entitled to receive the amount of the preference, which was actually paid to them on the 29th of July.

The contract was properly construed by the court below, and the judgment should be affirmed, with costs. All concur.